Wyly, J.
The relator appeals from the judgment refusing to render peremptory the mandamus sued out by him to compel the Auditor to issue to him a warrant for $5000, pursuant to an appropriation in the second section of act No. 59 of the acts of 1874.
In this proceeding the State intervened and opposed the issuing of the warrant, on the ground that that provision of the act violates article 114 of the constitution, because it is not covered by the title, and also on the ground that it violates the amendment of the constitution, limiting the State debt to twenty-five millions of dollars. Both of these objections appear to be fatal to the pretensions of the.relator.
The title of act No. 59 is, “ An Act making appropriations for the general expenses of the State for the year ending the thirty-first of December, 1874.” The appropriations contained in the first section seem to be for the purpose mentioned in the title. But such is not the *41 case with, section two, in which the appropriation in question is made. This section provides, “ That the following amounts be and the same are hereby appropriated out of any moneys which may he received for delinqent taxes, licenses and penalties due the State prior to the first day of January, 1874; provided, that the Auditor of Public Accounts shall draw his warrants for the following, in advance of the payment of moneys into the treasury on account of said delinquent taxes, licenses and penalties, and said warrants, when so drawn, shall be receivable for all delinquent taxes, licenses and penalties due the State prior to the first day of January, 1874, as provided in act No. 3 of the session of 1874. * * * * * * *
To William W. Howe, to pay claim approved by the Auditor of Public Accounts in his last report to the General Assembly, five thousand dollars.”
This claim can not be regarded as an appropriation “ for the general expenses of the State for the year ending the thirty-first of December, 1874.” It was merely recognized by the Auditor as a debt already due by the State, in his report dated January 1, 1874.
Under a title to make appropriations for the general or current expenses for the year ending the thirty-first of December, 1874, an appropriation for an expense or debt incurred prior to that time can not be made, because that object is not expressed in the title, as required by article 114 of the constitution. This claim although it' may be equitable (being for professional services rendered by the relator in' defending several large suits against the State), can not be enforced, because at the time it was incurred the total debt of the State exceeded the limit fixed in the amendment of the constitution.
It appears from the Auditor’s report, dated January 1, 1874, received in evidence in this case, that the total amount of the actual bonded and miscellaneous debt of the State is $24,508,180, and the total amount of the bonds and miscellaneous debts for which the State is contingently liable, is $5,483,602. Total actual and contingent liabilities of the State, $29,991,782.
Deduct from this the total amount of delinquent taxes, which the Auditor estimates at $3,000,000, and the actual and contingent liabilities of the State will be found to exceed $25,000,000. Besides, warrants have already been issued against the fund or revenue due by delinquent taxpayers. In the Auditor’s report the total amount of old warrants thus issued and outstanding is $1,565,702 08.
We conclude, therefore, that the judge a quo did not err in refusing to enforce by mandamus the claims of the relator.
Judgment .affirmed.